# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK D. KENNEDY,           )
                           )
        Petitioner,        )
                           )
v.                         )         03-CV-10568-MEL
                           )
                           )
DAVID L. WINN,             )
                           )
        Respondent.        )         O R D E R

LASKER, D.J.

      Mark D. Kennedy has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 contending that he should have been released from imprisonment at Fort Devens to a Community Corrections Center (CCC or halfway house) on March 27, 2003.

      Kennedy was sentenced on January 23, 2002 to a term of twenty-one (21) months' imprisonment, which he commenced at Fort Devens on April 1, 2002. He alleges that on or about November 18, 2002 he was informed by his Unit Manager at Fort Devens that he was to be released to a halfway house on March 27, 2003. On November 25, 2002, he signed what he describes as an "agreement" with the Coolidge House Comprehension Sanction Center in Boston, which specified March 27, 2003 as his acceptance date at that facility.

Kennedy alleges that on December 20, 2002 the Bureau of Prisons (BOP) informed Warden Winn of what Kennedy says the BOP called a "procedural change" relative to "pre-release programming CCC designations." The change limited time served in a CCC to 10% of the term to be served, not to exceed six (6) months. As a result of the alleged change, Kennedy states that on December 24, 2002 he was informed that his date of transfer to Coolidge House would be July 30, 2003 rather than March 27, 2003.

Kennedy alleges that it was a violation of his rights to apply, what he alleges to have been a new policy, retroactively to modify his sentence.

Kennedy relies on the decisions in this Court by Judge Ponsor in <u>Frank Iacaboni v. U.S.</u>, 251 F. Supp. 2nd 1015 and <u>Monahan v. Winn</u>, 03-CV-40075-NG, by Judge Gertner, which vacated a change of a BOP policy on the grounds that (1) the change in those cases was based on an erroneous interpretation of the controlling statute, (2) the change failed to meet the requirements of the Administrative Procedure Act (APA), and (3) the change could not legally be applied retroactively.

The government has moved to dismiss Kennedy's petition on the grounds that Kennedy has failed to exhaust his remedies. Dismissal on that ground is denied. If there ever was a case in which the exhaustion of remedies would be futile, it is this: A

-2-

look at the calendar makes it obvious that such administrative remedies as are available can not reasonably be expected to be completed much before the 30th of July, the date on which even the BOP agrees that Kennedy will be transferred to Coolidge House.  Moreover, although the government is correct that under 42 U.S.C. § 1997(e)(a) of the Prisoner Litigation Reform Act a prisoner must exhaust remedies before filing suit as to prison conditions, see Porter v. Nussle, 534 U.S. 516 (2002) and Booth v. Churner, 532 U.S. 731 (2001), this case is not a suit about prison conditions.

However, even if Kennedy is entitled to proceed with the present petition without exhausting administrative remedies, the petition must, nevertheless, be denied.

It is understandable that Kennedy regards the Iacaboni and Maloney cases as authorities which reasonably dictate that he should be immediately released to Coolidge House.  However, as argument by government counsel and Mr. Kennedy, pro se, held yesterday established that the controlling statute in the present case is 18 U.S.C. § 3624(c), whereas the controlling statutes dealt with in the Iacaboni and Maloney cases were 18 U.S.C. §§ 3621(b) and 3625.  Accordingly, the Iacaboni and Maloney opinions, as impressive as they are, do not help in ruling on Kennedy's petition.

-3-

The controlling statute in Kennedy's case, 18 U.S.C. § 3624(c), provides in relevant part:

> (C) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

According to Kennedy's petition, he was originally informed that his date of release to the Coolidge House would be March 27, 2003. This was a date six (6) months prior to his release date of September 2003, and presumably was set as Kennedy's halfway house date because it _was_ six (6) months prior to his release date. It is apparent from the language of the statute, however, that to set the halfway house date six (6) months ahead of the release date in Kennedy's case was a mistake because it exceeded the 10% maximum period of halfway house residence permitted under the statute, the language of which specifies that such halfway house residents should be in an amount "not to exceed 6 months, <u>of the last 10 per centum of the term to be served</u>." (18 U.S.C. § 3624(c)). (Emphasis added).

On the basis of the analysis above, I conclude that the revision of Kennedy's halfway house sentence was an appropriate

correction of a mistake originally made in applying the controlling language of section 3624(c).

It is, of course, regrettable that a prisoner was lead to believe that he would be released from full imprisonment on a certain date only to be told later that that imprisonment would be continued for four (4) months. It is understandable that under the circumstances the prisoner was aggrieved and believed that his rights had been violated.

Nevertheless, for the reasons stated above, the petition must be dismissed.

It is so ordered.


Dated:   July 9, 2003
         Boston, Massachusetts          /s/  MORRIS E. LASKER
                                             U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-11308-RGS

ROBIN ROTHBERG

v.

DAVID L. WINN

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS

October 10, 2003

STEARNS, D.J.

Robin Rothberg, the petitioner, was sentenced by an Illinois district court to an eighteen month sentence, which he began serving on September 1, 2002. The Bureau of Prisons (BOP) calculated Rothberg's "good conduct" release date as December 19, 2003, and his full term release date as February 27, 2004. (The accuracy of these calculations is not in dispute). Shortly after commencing his sentence, Rothberg was informed by a BOP unit manager that consistent with then existing BOP policy he could expect to serve the last six months of his sentence in a community confinement center (CCC), or half-way house. However, following the issuance of a Department of Justice (DOJ) memorandum on December 13, 2002, criticizing the BOP's practices with respect to CCC placements generally, the BOP revised its CCC policy to conform to 18 U.S.C. § 3624(c), which authorizes the placement of a prisoner in a CCC setting only during the last 10 percent of his committed sentence (not to exceed six months). In Rothberg's case, the BOP calculated the 10 percent/six month transitional date as November 3, 2003.

Rothberg argues that the change in BOP policy with respect to CCC placement violates the Ex Post Facto Clause, the Administrative Procedure Act, and his rights to due process. It is true, as Rothberg asserts, that a number of district courts have been critical of the DOJ memorandum and the resulting switch in BOP policy, and have found the change, in certain respects, to violate the law. See, e.g., Iacaboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003) (Ponsor, J.). But as respondent points out, these cases address that aspect of the new policy that deals with CCC placement at the outset of a sentence (the principal target of DOJ's wrath). As Judge Lasker noted in a case virtually identical on its facts, the opinions critical of the new policy arose in this latter context and concerned the proper application of 18 U.S.C. §§ 3621(b) and 3625, whereas the controlling statute in a case like Rothberg's is section 3624(c). See Kennedy v. Winn, 03-CV-10568 (D. Mass., July 9, 2003). I agree with Judge Lasker that the BOP's prior interpretation of section 3264(c) was a mistake, and that a constitutional violation cannot arise from the correction of an erroneous interpretation of an otherwise valid law.[1]

ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED.

SO ORDERED.

---

[1] Rothberg's alternative argument that he had an "enforceable expectation" of a CCC placement because of the prior BOP policy, consistent with the holding of Hewitt v. Helms, 459 U.S. 460 (1983), is not viable in the light of the Court's superseding opinion in Sandin v. Conner, 515 U.S. 472 (1995). Rothberg's claim of equitable estoppel is similarly unavailing. See OPM v. Richmond, 496 U.S. 414, 419 (1990).

2

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                 )
MORRIS M. GOLDINGS,              )
                                 )
        Petitioner,              )
                                 )
        v.                       )   CIVIL ACTION
                                 )   NO. 03-40161-WGY
DAVID L. WINN                    )
Warden, Federal Medical Center,  )
Devens Camp,                     )
JOHN ASHCROFT                    )
United States Attorney General,  )
                                 )
        Respondents.             )
_____)
```

MEMORANDUM AND ORDER

YOUNG, C.J.                                        October 23, 2003

The petitioner, Morris Goldings ("Goldings"), challenges a revised policy of the Bureau of Prisons ("BOP") delaying his eligibility for transfer to a Community Corrections Center ("CCC"). Goldings argues that the revised policy violates the Ex Post Facto Clause, denies his rights to due process, violates the Administrative Procedure Act, and presents an incorrect interpretation of 18 U.S.C. § 3621(b). In cases virtually identical in their facts,[1] Judge Lasker and Judge Stearns of this

---

[1] Like Judge Lasker and Judge Stearns, the Court distinguishes other cases that on different facts have criticized application of the BOP policy. See e.g., Manohan v. Winn, 276 F. Supp. 2d 196 (D. Mass. 2003) (Gertner, J.); Icaboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003) (Ponsor, J.). Because those cases involved assignments to a CCC at the

district have rejected similar challenges raised by other petitioners subject to the BOP policy. See Kennedy v. Winn, 03-CV-10568 (D. Mass 2003) (Lasker J.); Rothberg v. Winn, 03-CV-11308-RGS (D. Mass 2003) (Stearns, J.). For the reasons stated by Judge Lasker and Judge Stearns -- in particular, that the BOP's revised policy merely corrected an erroneous interpretation of 18 U.S.C. § 3624(c) -- this Court agrees that no constitutional or statutory violation has been shown. The Court also agrees that Goldings' alternative arguments concerning equitable estoppel and reasonable expectations must be rejected. See Rothberg, 03-CV-11308-RGS, at 2 n.1 (citing Office of Personnel Management v. Richmond, 496 U.S. 414, 419 (1990), and Sandin v. Conner, 515 U.S. 427 (1995)).

Accordingly, the Government's Motion to Dismiss [Doc. No. 9] is ALLOWED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE

---

beginning of a defendant's sentence, they were governed by 18 U.S.C. §§ 3621(b) and 3625. Goldings' case, in contrast, involves transfer to a CCC at the end of his sentence, and is accordingly governed by 18 U.S.C. § 3624(c).

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ANTHONY P. TURANO,
       Petitioner

v.

DAVID L. WINN, Warden, Federal
Medical Center, Devens,
       Respondent.

CIVIL ACTION NO.:
03-40188-EFH

---

## ORDER OF DISMISSAL

January 7, 2004

HARRINGTON, S.D.J.

      The Court grants the dismissal of the Petition of Anthony Turano pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The petition challenges the date on which Turano would be released to community confinement. The petition is dismissed because it fails to state a claim. See Goldings v. Winn, et al., Civil Action No. 03-40161-WGY, Memorandum and Order, dated October 23, 2003. The new policy announced by the Bureau of Prisons in December, 2002 with respect to community confinement correctly applied the relevant law, in particular, Title 18, United States Code, Section 3624(c). The petition is hereby dismissed.

      SO ORDERED.

                                      /s/ Edward F. Harrington
                                      EDWARD F. HARRINGTON
                                      United States Senior District Judge