```
   DEVAA  542*22 *         SENTENCE MONITORING         *      05-26-2004
   PAGE 001 OF 001 *          GOOD TIME DATA           *      13:03:34
                          AS OF  05-26-2004

 REGNO...: 48083-066   NAME: SLOANE, DAVID
 ARS 1...: DEV A-DES                                 PLRA
 COMPUTATION NUMBER..: 010                 FUNC..: PRT    ACT DT:
 LAST UPDATED: DATE.: 08-06-2003           FACL..: FTD    CALC: AUTOMATIC
 UNIT................: N LOW               QUARTERS............: N02-229L
 DATE COMP BEGINS....: 04-02-2003          COMP STATUS.........: COMPLETE
 TOTAL JAIL CREDIT...: 7                   TOTAL INOP TIME.....: 0
 CURRENT REL DT......: 05-01-2005 SUN      EXPIRES FULL TERM DT: 06-24-2005
 PROJ SATISFACT DT...: 03-11-2005 FRI      PROJ SATISF METHOD..: GCT REL
 ACTUAL SATISFACT DT.:                     ACTUAL SATISF METHOD:
 DAYS REMAINING......:                     FINAL PUBLC LAW DAYS:

 -------------------------GOOD CONDUCT TIME AMOUNTS--------------------------
    START        STOP       MAX POSSIBLE TO   ACTUAL TOTALS    VESTED    VESTED
    DATE         DATE       DIS     FFT       DIS     FFT     AMOUNT     DATE
 03-26-2003   03-25-2004     54      54
 03-26-2004   03-11-2005     51

     TOTAL EARNED AMOUNT.........................................:    54
     TOTAL EARNED AND PROJECTED AMOUNT...........................:   105




 G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

**ATTACHMENT E**

U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5880.28
DATE: CN-06, 7/19/99
SUBJECT: Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE**.  This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law.  Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional.  As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional.  This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded**.  None.

   b. **Directives Referenced**.  None.

**ATTACHMENT F**

3. **STANDARDS REFERENCED**

   a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4094

   b. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies: 2-CO-1E-05

   c. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-1E-03

   d. American Correctional Association 3rd Edition Standards for Adult Boot Camp Programs: 1-ABC-1E-09

4. **MCC/MDC/FDC/FTC PROCEDURES.** Procedures in this Program Statement apply to Metropolitan Correctional Centers, Metropolitan Detention Centers, Federal Detention Centers and Federal Transportation Centers.

5. **DISTRIBUTION.** At a minimum, a copy of this Manual will be placed with the Regional Inmate Systems Manager, each Community Corrections Manager, the Inmate Systems Manager and all other staff having responsibility for sentence computation.


/s/
Kathleen Hawk Sawyer
Director

PS 5880.28
CN-7 9/20/99
Table of Contents, Page 1

## CHAPTER I--SENTENCING REFORM ACT OF 1984

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1-1

2. COMMITMENT TO THE CUSTODY OF THE BUREAU OF PRISONS . . . 1-4

3. COMPUTATION OF SENTENCE . . . . . . . . . . . . . . . . . . 1-5

    a. Classification of Offenders and Terms of
       Imprisonment . . . . . . . . . . . . . . . . . . . . . . 1-8

    b. Commencement (Beginning Date) of Sentence . . . . 1-12

    c. Prior Custody Time Credit . . . . . . . . . . . . . 1-14

    d. Inoperative Time . . . . . . . . . . . . . . . . . . 1-28

    e. Multiple Sentences of Imprisonment . . . . . . . . 1-31

*     e-1 Implementation of Firearm Penalty, 18-924(c)(1) . . 1-37a    *

    f. Release Authority and Release on Other Than a
       Weekend or Holiday . . . . . . . . . . . . . . . . . 1-38

    g. Good Conduct Time . . . . . . . . . . . . . . . . . 1-40

    h. Six Month/Ten Percent Period . . . . . . . . . . . 1-62

    i. Supervised Release . . . . . . . . . . . . . . . . . 1-65

    j. One Count Detention and Community Confinement/Home
       Detention Sentence . . . . . . . . . . . . . . . . . 1-76

    k. Implementation of the amendment to 18 U.S.C.
       § 3621 of the Violent Crime Control and Law
       Enforcement Act of 1994 (P.L. 103-322) . . . . . . 1-78A

4. COMPUTATION OF STUDY . . . . . . . . . . . . . . . . . . . 1-79

5. PRE- AND POST-MISTRETTA SRA SENTENCE COMPUTATION
   INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . 1-82

    a. Pre-Mistretta Period . . . . . . . . . . . . . . . . 1-83

    b. Post-Mistretta Period . . . . . . . . . . . . . . . 1-89

6. COMPUTATION OF FOREIGN TREATY SENTENCE . . . . . . . . . 1-91

    a. Sentence Computation . . . . . . . . . . . . . . . . 1-92

7. PROBATION CUSTODY . . . . . . . . . . . . . . . . . . . . . 1-97

    **g. Good Conduct Time.** Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Such credit toward service of sentence vests at the time it is received. Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

    For computation purposes, it is necessary to remember the following about subsection 3624(b):

    (1) 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

prorated for the last partial year. No GCT can be earned on, or awarded to, a sentence of one year or less.

    (2) The BOP has 15 days after the end of each full year served to make a determination as to the amount of the 54 days that shall be awarded. If the BOP makes no decision about the amount of GCT to award in the 15 days at the end of the year just served, then the entire 54 days will be automatically credited to the sentence on the Vested Date. Therefore, before awarding any GCT on the Vested Date, staff shall review the SENTRY disciplinary log to determine if any GCT had been disallowed during the preceding anniversary period. If no GCT was disallowed during the preceding anniversary period, then the GCT SENTRY data base shall be updated with the total amount of GCT possible to earn and a copy of the disciplinary log, as well * as a copy of the GCT record (both signed and dated by the ISM staff member making the change and the auditor), shall be placed in the Judgment and Commitment File. *

    If some or all of the GCT had been disallowed during the preceding anniversary period and no BP-448 (Good Conduct Time Action Notice) has been received by the Vested Date that matches the disciplinary log record, then the disciplinary log shall be used as the official record for disallowing GCT on the Vested Date. A copy of the disciplinary log shall be placed in the Judgment and Commitment File pending receipt of a BP-448 that matches the information on the disciplinary log. After receipt of the BP-448 the disciplinary log copy shall be destroyed. Again, an updated copy of the

SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.

\*

Once GCT has been credited, it vests and may not later be disallowed. If good cause exists (e.g., riot, food strike, work stoppage, etc.) or the prisoner commits an act of misconduct (See Program Statement on Inmate Discipline and Special Housing Units) that occurred during the prior year but does not become known until after the 15 day time limit has expired, however, then the GCT may be disallowed even though the time limit has been exceeded. In addition, if an act of misconduct is referred to the Discipline Hearing Officer (DHO) and the DHO is unable to dispose of the referral in the manner prescribed by the Program Statement on Inmate Discipline and Special Housing Units within the 15 days allowed, then the official award or disallowance of the GCT may be delayed for the period of time necessary to comply with that Program Statement.

In any case not covered in the preceding paragraph in which GCT is not disallowed within the proper time limit, the RISA should be contacted for instructions.                        \*

(3) GCT that is disallowed and that is not awarded from the maximum possible to award during the 15 day time limit, may not be awarded at a later time. If a disallowance of GCT is successfully appealed, or if the BOP has for some reason erroneously disallowed GCT, then the GCT may be credited at that time.

     (4) The BOP has six weeks before the end of the sentence to make a determination about how much of the prorated GCT to award for the last portion of a year of the term of imprisonment.  If the BOP makes no decision about the amount of GCT to award in the last six weeks of the sentence, then the entire amount possible to award for that period of time will be automatically credited to the sentence on the last day of the sentence (date of release and Vested Date).  Therefore, before awarding any GCT on the Vested Date, staff shall review the SENTRY disciplinary log to determine if any GCT had been disallowed during the preceding anniversary period.  If no GCT was disallowed during the preceding anniversary period, then the GCT SENTRY data base shall be updated with the total amount of GCT possible to earn and a copy of the disciplinary log, as well as a copy of the GCT record (signed and dated by the ISM staff member making the change and the auditor), shall be placed in the Judgment and Commitment File.

     If some or all of the GCT had been disallowed during the preceding anniversary period and no BP-448 has been received by the Vested Date that matches the disciplinary log record, then the disciplinary log shall be used as the official record for disallowing GCT on the Vested Date.  A copy of the disciplinary log shall be placed in the Judgment and Commitment File pending receipt of a BP-448 that matches the information on the disciplinary log.  After receipt of the BP-448
\* the disciplinary log copy shall be destroyed.  Again, an updated

copy of the SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.                                              *

                    (5)  An action to delay, disallow or suspend the award of some or all of the GCT for a decision at a later time that is not within the 15 day, or six week, consideration time periods is not authorized.

     For release purposes, subsection 3624(b) is the most important provision in the computation process since the proper application of that subsection determines the actual statutory date of release for the prisoner.  The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence.  The _total_ amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.

     As noted in (1) above, 54 days of GCT may be awarded for each full year served on a sentence in excess of one year.  Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated. The BOP has developed a formula (hereinafter called the "GCT formula") that

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44A

best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT (continued on next page)

that may be awarded for one day served on a sentence. 365 days divided into 54 days equals .148. Since .148 is less than one full day, no GCT can be awarded for one day served on the sentence. Two days of service on a sentence equals .296 (2 x .148) or zero days GCT; three days equals .444 (3 x .148) or zero days GCT; four days equals .592 (4 x .148) or zero days GCT; five days equals .74 (5 x .148) or zero days GCT; six days equals .888 (6 x .148) or zero days GCT; and seven days equals 1.036 (7 x .148) or 1 day GCT. The fraction is always dropped.

Since, in accordance with the statute (18 USC § 3624(b)), no GCT can be awarded to a sentence of one year or less, then the very shortest sentence that can be awarded GCT is a sentence of 1 year and 1 day. Because a prisoner would accrue GCT while serving a sentence of 1 year and 1 day and, therefore, serve something less than the full sentence, it would be impossible to accrue the full 54 days of GCT for a sentence of 1 year and 1 day. As a result, the GCT formula previously discussed must be utilized as shown below to determine the amount of GCT to award for a partial year. This method of calculating the GCT possible to award for the last portion of a year of a sentence to be served must be followed in all partial year calculations. (For the purpose of this demonstration, the sentence of 1 year and 1 day equals 366 days.)

Step No. 1

Sentence = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46 days.

Step No. 2

Days Served = 312 x .148 = 46.176 = 46 days GCT

Subtracting 46 days from the sentence of 366 days results in 320 days to be served.

Step No. 3

Sentence = 366 - 46 = 320 days

46 days of GCT is not enough because 46 plus 312 days to be served equals a sentence of 358 days, 8 days short of a sentence of 366 days (1 year and 1 day).

Step No. 4

Time Served = 312 + 46 = 358 days

Comparing 320 days to serve, which is too much time to serve, with 312 days to serve, which is not enough time to serve, reveals that the amount of GCT that can be earned must fall somewhere between 54 and 46 days. As a result, the next step is to determine how much GCT can be earned on 320 days served.

Step No. 5

Time Served = 320 x .148 = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1 day)
results in 319 days to be served.

Step No. 6

Sentence = 366 - 47 = 319 days

Utilizing the GCT formula, it is learned that 319 days served equals
47 days GCT.

Step No. 7

Time Served = 319 x .148 = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence of 366 days (1 year and 1 day).

Step No. 8

Time Served  = 319 + 47  = 366 days

The amount of GCT that can be awarded for a sentence of 366 days (1 year and 1 day) is 47 days.

   The steps that were followed in the preceding example must be followed in every instance when it is necessary to determine the amount of GCT that can be awarded for a partial year served on a sentence.  A short version of the preceding eight steps is shown below.

        366 x .148 = 54.168  (366 + 54 = 420)
        366 - 54= 312 x .148 = 46.176 (312 + 46 = 358)
        366 - 46= 320 x .148 = 47.36  (320 + 47 = 367)
        366 - 47= 319 x .148 = 47.212 (319 + 47 = 366)

Thus--319 days actually served plus 47 days of GCT equals 366 days, or a sentence of 1 year and 1 day.

   There is one exception to the "fraction is always dropped" rule.  For instance, if the partial year remaining on a sentence equals 7 days and if the full 7 days were served, then 1 day of GCT credit (7 x .148 = 1.036 = 1 day) could be awarded.  If the 1 day is awarded, however, then only 6 days would actually be served on the final 7 days and for 6 days served no GCT (6 x .148 = .888 = 0 days) would be authorized.  This arithmetical conflict occurs each time that the actual time to serve plus the GCT equals 1 day less than that final portion of the year remaining on the sentence.  For example, applying the GCT formula to a final portion of a year of 294 days results in the following calculation.

```
294 x .148 = 43.512   (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148  (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036  (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888  (256 + 37 = 293)
```

As you can see from above, the GCT formula does not produce a result that will allow the number of days actually served plus the GCT to equal 294 days.  Since it is to the advantage of the prisoner to award an additional full day for 37.888 days (38 days instead of 37 days) of GCT in such a situation, the BOP will award that additional 1 full day even though the time served results in a fraction (.888 in this case) short of a full day. (See Good Conduct Time Chart)

It is essential to learn that GCT *is not* awarded on the basis of the length of the sentence imposed, but rather on the number of days  actually served.  In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence - (GCT + days served) = release date).  The following example demonstrates the computation process for determining a final release date on a sentence with 355 days remaining and that has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54   (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844  (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028  (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172  (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88   (310 + 45 = 355)


Release Date        = 10-10-91 =  19276
GCT                            = -00045
Final Release Date  = 08-26-91 =  19231
```

P.S. 5880.28  
February 21, 1992  
Page 1 - 49

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, <u>more</u> than 54 days of GCT can be awarded. As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

```
Date Sentence Began           90-06-23
Sentence Length             = +01-01-00
Full Term Date                91-07-22*  =  19196
Date Sentence Began           90-06-22*  = -18801
Days Remaining                               395
```

```
395 x .148 = 58.46    (395 + 58 = 453)
395 - 58= 337 x .148 = 49.876 (337 + 49 = 386)
395 - 49= 346 x .148 = 51.208 (346 + 51 = 397)
395 - 51= 344 x .148 = 50.912 (344 + 50 = 394)
395 - 50= 345 x .148 = 51.06  (345 + 51 = 396)
```

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 39<u>4</u> and 345 + 51 = 39<u>6</u>) to equal the days remaining on the sentence (395). As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

More examples follow at the end of this chapter that demonstrate all the elements of a sentence that can result from a sentence to a term of imprisonment.

   The next step in the calculation process of a sentence is to determine the "Vested Date", sometimes incorrectly referred to as the "Anniversary Date." The Anniversary Date is the date after one full year has been served on a sentence. The Vested Date is the date that is 15 days beyond the last day served on a full year and, in the case of a partial year, the last day of the sentence. As noted in 18 U.S.C. § 3624(b) (quoted in its entirety above), the BOP has 15 days after the end of each full year served on the sentence to decide how much of 54 days GCT shall be awarded and six weeks before the end of the sentence to determine the prorated amount of GCT that shall be awarded.
\* Staff shall review appropriate documentation and award the proper amount of GCT accordingly within the 15 day or last six weeks consideration period.

   Staff may enter any number of days desired into the SENTRY data base at any time, except on the Vested Date, to learn a prisoner's projected release date for release planning purposes. This type of entry into the SENTRY data base does not constitute a vested award of GCT.                                              \*

   In order to determine the Vested Date, the release date with the maximum possible amount of GCT to award must be learned. Learning (continued on next page)

P.S. 5880.28
February 21, 1992
Page 1 - 51

this information is necessary to make a determination about whether the fifteen days or the six weeks, or both, need to be known to decide the amount of GCT to award.

    Beginning with a sentence that is 7 days longer than the last full year that is served on a sentence that is eligible for GCT through a sentence that is 65 days longer than the last full year served on a sentence that is eligible for GCT, there is, or needs to be an overlapping of the 15 days and six weeks GCT consideration time.  In other words, during such times, and sometimes at the same time, consideration must be given for both the amount of GCT to award for one full year of service on the sentence and for a partial year.  For example, a sentence of 1 year, 2 months and 2 days imposed on 01-10-88 would have a full term date of 03-11-89.  If the full 15 days were used to decide that 54 days GCT should be awarded, the 15 days (Vested Date) would expire on 01-24-89.  The release date would be 01-16-89, 8 days before the award could be made.  In addition, no consideration would have been given for the 7 days served over one year for which 1 day of GCT could be awarded, thus frustrating and nullifying the very reason for which the six week consideration period of time was statutorily devised.  Remember, failure to award an amount of GCT less than the amount that can be awarded on the Vested Date then requires that the full amount possible to award must be credited.

    In order to overcome the problem just described and to give staff ample time to make proper decisions about the amount of time to award,

a system that accommodates both the 15 days and six weeks, called "overlapping" has been developed.

*   Considering the amount of time to award can begin at any time, but the official award must be made within the time frame (15 days or six weeks) required by the statute. As stated earlier, the official award of GCT need not be made until the last possible day to make the award allowed by statute. If ISM staff follow this practice, it will allow time to change the proposed amount to award up to and including the final day that the award can be made, including the date of release for a partial year. If, of course, any GCT is disallowed during the partial year, then it is necessary to make the actual award of the balance of the GCT to be awarded **on** the original date calculated for release. **No GCT** may be disallowed during the service of the disallowed GCT. **No GCT** shall be awarded for the time spent serving the disallowed GCT.   *

Following are some examples that demonstrate overlapping situations.

```
                                                         P.S. 5880.28
                                                     February 21, 1992
                                                         Page 1 - 53
```

EXAMPLE NO. 1

Sentence = 1 Yr 2 Mos 1 Dy   DSB = 01-10-89   Full Term Date = 03-10-90
************************************************************************

| Anniversary Date | Consideration Begins | Vested Date | Maximum to Award | Actual Award | Running Total | Release Date 03-10-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 12-05-89 | 01-15-90 | 54 | 54 | 54 | 01-15-90 |

************************************************************************

In the above example, the sentence is 1 year, 2 months and 1 day. The statutory six weeks consideration period is used since to use the full 15 days (01-10-90 (Anniversary Date) through 01-24-90) after one full year of service on the sentence would result in a release date (01-15-90) that would be ten days before the final date of the 15 days (01-24-90). Since there is no preceding year on which GCT was eligible to be awarded, only one Vested Date (01-15-90) needs to be established. When six weeks are used, the last day of the six weeks (Vested Date) will always be the award date and the award will always be the release date as long as the full amount possible to award is given.

```
                                                        P.S. 5880.28
                                                     February 21, 1992
                                                        Page 1 - 54
```

EXAMPLE NO. 2

```
Sentence = 1 Yr 2 Mos 2 Dys DSB = 01-10-89   Full Term Date = 03-11-90
**********************************************************************
Anni-       Consid-                 Maximum                    Release
versary     eration     Vested      to         Actual  Running Date
Date        Begins      Date        Award      Award   Total   03-11-90
----------------------------------------------------------------------
01-10-90    12-05-89    01-15-90    54         54      54      01-16-90

            12-05-89    01-15-90    1          1       55      01-15-90
**********************************************************************
```

In the above example, the sentence is 1 year, 2 months and 2 days. This example demonstrates the very first sentence where overlapping occurs. It shows that consideration for the full 54 days and 1 day of GCT as beginning six weeks before the anticipated release date. If the full 15 days (01-10-90 through 01-24-90) for the 54 days were used, then the release date would have passed (01-16-90) before the award would have been made on 01-24-90. Of course, consideration to award the 54 days could have been accomplished during 01-10-90 through 01-15-90 with the award being made on 01-15-90, and the 1 day of GCT could have been considered during the same time period with the actual award being made on 01-15-90. There is no reason to limit the consideration period to such a short time frame. That short period of time is the reason for calculating the "Consideration Begins" date far enough in advance to allow staff ample time to consider the award without undue pressure from a shrinking release date. This system gives staff the optimum amount of time to consider and reconsider whether to award all or part of the maximum possible GCT that can be awarded.