UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SLOANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 04-40075-DPW |
| v. | ) |
| | ) |
| DAVID L. WINN, | ) |
| | ) |
| Respondent. | ) |

RESPONDENT'S SUBMISSION OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS

The Respondent David L. Winn, through his undersigned counsel hereby submits supplemental authority that he has just become aware of in support of his motion to dismiss. In a decision dated June 2, 2004, the United States District Court for the Northern District of New York, in Pasciuti v. Drew, No. 9:04-cv-043 (LEK), ruled that the Bureau of Prison's method of determining Good Conduct Time ("GCT") credits, as set forth in Program Statement 5880.28, is not only a reasonable interpretation of 18

U.S.C. § 3624(b), but, in fact, is the only logical interpretation of the statute.  Id. at 9.  A copy of the decision is attached.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3282

June 4, 2004

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served upon Petitioner David Sloane, Reg. No. 48083-066, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on this date.

June 4, 2004                                    /s/ George B. Henderson
                                                                         George B. Henderson, II

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES T. PASCIUTI,

                Petitioner,

   -against-

                                              9:04-cv-043
DARYL DREW, in his capacity as Warden         (LEK)
of the Federal Correctional Institution
at Ray Brook, New York,

                Respondent.

---

## MEMORANDUM – DECISION and ORDER

### I. BACKGROUND

Charles Pasciuti ("Pasciuti" or "Petitioner") is serving a 180 month sentence as an inmate at the Federal Correctional Institution at Ray Brook, New York for his role in a conspiracy to distribute a controlled substance. Petitioner has been incarcerated since October 3, 1991, and his 15 year sentence would expire on October 1, 2006. Applying credit for good conduct time ("GCT") to Petitioner's sentence, the Bureau of Prisons ("BOP") has set his release date as October 26, 2004.

Pasciuti alleges that the BOP has incorrectly calculated the amount of GCT to which he is entitled under 18 U.S.C. § 3624(b). Pursuant to 28 U.S.C. § 2241, and after exhausting his administrative remedies, Pasciuti filed the instant habeas petition, asking the Court to alter BOP's GCT calculation and order his release date to be set at July 11, 2004. In addition to his filing a habeas petition, Petitioner has also filed a motion for a preliminary injunction, which requested

similar relief, namely, his release from Ray Brook on July 11, 2004.[1]

## II.  DISCUSSION

**(a)      18 U.S.C. § 3624(b)**

BOP's calculation of GCT is based upon the Congressional mandate in 18 U.S.C. § 3624(b) which reads[2]:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year. . . shall receive credit toward the service of his sentence, beyond the time served, of up to 54 days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless [BOP] determines that, during that year, he has satisfactorily complied with. . . institutional regulations. . . . If the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as [BOP] determines to be appropriate. [BOP]'s determination shall be made within fifteen days after the end of each year of the sentence.  Such credit toward service of sentence vests at the time it is received.  Credit that has vested may not later be withdrawn, and credit that has not been earned may not later be granted.  Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The parties construe this statute differently, which forms the basis of the instant petition. Petitioner contends that by using the phrase "term of imprisonment", a legal term of art, in § 3624(b), Congress intended to allot 54 days of GCT for each year of an inmate's <u>sentence</u>, not merely the time he has <u>served</u>.  Therefore, Petitioner asserts that his total GCT is calculated by multiplying his total sentence of 15 years by 54, the number of days GCT awarded under the statute

---

[1] As the Court will now address the merits of his habeas petition, in advance of the potential July 11, 2004 release date, the preliminary injunction motion that was filed on the same grounds is denied and will not be separately addressed.

[2] The statute has been amended during Petitioner's incarceration.  The Court cites the statute as it appeared when Petitioner was first sentenced.  The amendments did not alter the phraseology at issue here, nor do they in any way alter the Court's decision.

for each "year of the prisoner's term of imprisonment," which results in 810 days of GCT and his release on July 11, 2004.

BOP calculates Petitioner's GCT differently. At the end of each year of imprisonment, for his good conduct during that year of incarceration, BOP has awarded Petitioner 54 days of GCT. Therefore, as of October 1, 2004 he will have vested 648 days CGT - 54 days for each of 12 years he has served.[3] After applying the credit of 648 GCT days to his 15 year sentence, on October 1, 2004, Petitioner will have less than one year remaining on his sentence. Petitioner will then be awarded GCT of 3 days, a prorated amount of GCT for the duration of his sentence which is less than a full year.

One district judge has explained the dispute as follows:

> [T]he pivotal clause in § 3624(b) is the one stating than an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentenced [sic] imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence. . . . However, if a term of imprisonment is defined by the inmate's actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because an inmate that earns good time will not actually serve his full sentence.
> White v. Scibana, 2004 U.S. Dist. LEXIS 7257, * 6-7 (W.D.Wis. April 23, 2004).

Petitioner contends that allotting him 54 days for each year <u>served</u>, as opposed to each year of his imprisonment to which he was <u>sentenced</u>, has resulted in GCT of only 47 days per year, in violation of § 3624(b).[4] Pasciuti asks this Court to hold that BOP's decision, that he be granted only

---

[3] This assumes BOP determines that Petitioner complied with institutional regulations from October 1, 2003 - October 1, 2004, and is thus entitled to 54 days GCT in this year.

[4] Petitioner continually refers to BOP's award of only 47 days of GCT per year. He arrives at this number by dividing 705 days of GCT that BOP contends he is entitled to, by Petitioner's full

47 days of GCT, violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, because BOP did not merely interpret the statute, but rather made a unilateral "legislative" decision, which it cannot do.

Petitioner also contends that, even if BOP's determination did not violate the APA, the calculation method, published as BOP's Sentence Computation Manual and as BOP Program Statement 5880.28, is contrary to the clear and unambiguous intent of Congress expressed in § 3624(b), which measures GCT against the "term of imprisonment" and not the "time served."

**(b)    Administrative Procedure Act**

Petitioner first alleges that the decision to award only 47 days GCT amounted to a legislative determination, rather than merely an interpretative one, and that as such, it must be subjected to the APA's notice and comment procedure. Because the BOP calculation formula did not pass through this procedure, Petitioner asks this Court to set it aside.

(1)    <u>Legislative and Interpretive Rules</u>

A rule or decision which amounts to a legislative determination must be submitted to the APA's notice and comment procedural requirements. 5 U.S.C. § 553. However, an agency's interpretive decision is exempt from these procedures. 5 U.S.C. § 553(b)(A). Courts have had to delineate between "interpretive" and "legislative" rules, because the APA does not. <u>See, e.g.,</u> <u>Sweet v. Sheahan</u>, 235 F.3d 80, 90 (2d Cir. 2000). The Second Circuit has stated "that legislative rules are those that create new law, right, or duties, in what amounts to a legislative act." <u>N.Y. State Elec. & Gas. Corp. v. Saranac Power Partners L.P.</u>, 267 F.3d 128, 131 (2d Cir. 2000) (internal quotations omitted). Interpretative rules, however, "do not create rights, but merely clarify an existing statute

---

15 year sentence, to render 47 days GCT per year.

or regulation." Id. (internal quotations and citations omitted).

BOP's decision on how to calculate GCT did not amount to a legislative determination. Rather, the BOP decision to award GCT was interpretative of § 3624(b), determining only when BOP must credit an inmate with his 54 days GCT.

In an effort to make BOP's calculation appear legislative, Petitioner continually states that BOP has awarded him only 47 days of GCT per year, instead of the 54 days contemplated under the statute. Petitioner arrives at this number by dividing the number of GCT days that BOP will award him under the BOP calculation method, 705 days of GCT, by Petitioner's full 15 year sentence, to render 47 days GCT per year. Such a calculation makes it appear as though an inmate has been deprived of 7 days of GCT time each year, potentially indicating that a substantive right has been lost. However, this mischaracterizes the BOP calculation.

It is possible that, with credit of GCT, a prisoner will have been sentenced to years he will not be required serve.[5] But, § 3624(b) orders that GCT is credited only "at the end of each year of his term of imprisonment" (emphasis added). BOP's calculation adheres to this Congressional mandate. It does not award inmates 54 days of GCT for years included in their initial sentences which are not ultimately served, because the time for awarding those days, at the end of the year of imprisonment, never arises for those years that are not served. The basis of the BOP calculation is the language chosen by Congress in § 3624(b), which directs GCT credit to be given at the end of each year. Hence, the calculation is based on Congress' legislative decision, not the BOP's.

---

[5] For example, once an inmate has served 7 years, if he was awarded all of his possible 54 days of GCT at the completion of each year, his sentence is reduced by a total of 378 days. His 378 days of GCT means that he will be released before serving more than a full year of his sentence, and as such, will not receive 54 days of GCT for that year that he has not served.

(2)  28 C.F.R. 523.20

Petitioner notes several regulations that were promulgated through the APA's notice and comment procedure and address the substance of Congress' mandate under § 3624(b), including 28 CFR 523.20, published in the Federal Register at 62 FR 50786.  This regulation specified that pursuant to 18 U.S.C. § 3624(b), BOP "shall award. . . 54 days credit for each year <u>served</u> prorated when the time served by the inmate for the sentence during the year is less than a full year if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma. . . ." 28 C.F.R. 523.20 (emphasis added).

In <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001), <u>cert. denied</u> 535 U.S. 1105, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002), the Ninth Circuit relied partly on 28 C.F.R. 523.20, and the properly promulgated notice and comment procedure that preceded it, as a basis for upholding the BOP's determination that GCT be awarded on the basis of time <u>served</u>.  Because this regulation was promulgated in accordance with the procedures of the APA and stated that 54 days of GCT would be awarded only for time served, the court applied Chevron deference and upheld the BOP interpretation as a reasonable interpretation of the statute.

Petitioner criticizes the Ninth Circuit's reliance on 28 C.F.R. 523.20, calling it a "very obscure and highly indirect reference" to the determination that GCT should be measured against time served, rather than sentence imposed.  (Dkt. No. 1: petitioner's Memo. of Law at 17). Petitioner posits that this regulation, although properly promulgated, could not serve as a basis for awarding only 47 days of GCT because it was published more than five and a half years <u>after</u> publication and dissemination of Program Statement 5880.28, which first announced the BOP's GCT calculation method.

-6-

Petitioner's criticism is inconsequential here. As explained above, the BOP's method of calculating GCT is interpretive of the statute and not a legislative determination, and therefore a regulation promulgated with the APA's notice and comment procedure was not required before the BOP could apply its GCT calculation method.

**(c)     Congressional intent in 18 U.S.C. § 3624(b)**

Petitioner also claims that even if BOP did not violate the APA, its calculation method is contrary to the clear and unambiguous intent of Congress expressed in § 3624(b), and therefore it should be set aside. Petitioner's position is contrary to that of several courts. See Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002) (unpublished decision), Williams v. Lamanna, 20 Fed. Appx. 360 (6th Cir. 2001) (unpublished decision), Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex.) (Mag. Report and Recommendation), adopted by the district court 2003 WL 22724755 (N.D.Tex. 2003) (all holding that the BOP's interpretation of § 3624(b) based on time served was reasonable).

A court accords substantial deference to an agency's interpretation of a statute it is entrusted to administer. Brissett v. Ashcroft, 363 F.3d 130, 133 (2d Cir. 2004) (citing to Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 81 L.Ed.2d 694, 104 S.Ct. 2778 (1984); Diallo v. I.N.S., 232 F.3d 279, 285 (2d Cir. 2000)). "In such circumstances, where the relevant statutory provision is silent or ambiguous, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." Id. (citing Sutherland v. Reno, 228 F.3d 171, 174 (2d Cir. 2000)).

(1)     Ambiguity in 18 U.S.C. § 3624(b)

Under Chevron, the Court must first determine whether the phrase "term of imprisonment"

-7-

is ambiguous in the statute. Petitioner asserts that by using the phrase "term of imprisonment" in § 3624(b), the statute is not ambiguous because the phrase "has a well-established meaning – the period of time imposed in the sentencing court's judgment, and not actual time in custody." (Petitioner's memo at 30). Therefore, Petitioner asks this Court to hold that Congress' directive is clear - inmates must receive 54 days GCT for each year of their <u>sentence</u>, not of their <u>service</u>.

However, this contention is the exact opposite of the conclusion reached by the Ninth Circuit. In <u>Pacheco</u>, the court held that "term of imprisonment" is ambiguous and explained that "the language of section 3624(b) does not make clear whether the sentence imposed or the time served" should be the basis for awarding GCT. <u>Pacheco</u>, 272 F.3d at 1269. The court then looked to the legislative history, which lent "additional support to the BOP's regulation." <u>Id.</u>

To dispute the Ninth Circuit's analysis, Petitioner relies on <u>White v. Scibana</u>, 2004 U.S.Dist. LEXIS 7257 (W.D. Wis. 2004). In <u>White</u>, the court disagreed with <u>Pacheco</u>, and held that "§ 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed.'" <u>Id.</u> at *2. The court recognized that "term of imprisonment" is a "legal term of art that Congress has employed in dozens of statutes. . . Throughout these statutes, Congress has uniformly used 'term of imprisonment' as a synonym for 'sentence.'" <u>Id.</u> at *11. However, this Court disagrees with the <u>White</u> court's, and now Petitioner's analysis, as such reasoning focuses solely on the phrase "term of imprisonment."

Accepting the rationale of Petitioner and the <u>White</u> court leads to an inconsistency in the statute. As explained above, if GCT was awarded based on the term of imprisonment imposed by the sentencing judge, an inmate may be awarded GCT for years on his initial sentence that he is not required to serve. However, BOP is then faced with a dilemma. The statute directs BOP to credit

GCT at "the end of each year of the prisoner's term of imprisonment." § 3624(b). The question that arises is as follows: Because the statute requires BOP to award GCT at the end of a year of imprisonment, then when is that credit vested if a year of imprisonment is never actually served?[6]

    (2)    <u>Determination of whether BOP's interpretation of § 3624(b) is reasonable</u>

Having found that the phrase "term of imprisonment", as it is used in the statute, is ambiguous, the Court must next determine only whether BOP's interpretation "is based on a permissible construction of the statute." <u>Chevron</u>, 467 U.S. at 843; <u>Pacheco</u>, 272 F.3d at 1270. Deference is due to BOP even though its method of calculation is only expressed in a Program Statement and not in a promulgated regulation:

> [T]he [BOP]'s interpretation is the most natural and reasonable reading of § 3585(b)'s "official detention" language. It is true that the [BOP]'s interpretation appears only in a "Program Statemen[t]"– an internal agency guideline–rather than in "published regulations subject to the rigors of the [APA], including public notice and comment." 21 F.3d at 562. But, BOP's internal agency guideline, which is akin to an "interpretive rule" that "do[es] not require notice and comment," <u>Shalala v. Guernsey Memorial Hospital</u>, 514 U.S. 87, 99, 115 S.Ct. 1232, 1239, 131 L.Ed.2d 106 (1995), is still entitled to some deference, cf. <u>Martin v. Occupational Safety and Health Review Comm'n</u>, 499 U.S. 144, 157, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991), since it is a "permissible construction of the statute[.]" <u>Chevron</u>, 467 U.S. at 843.
> <u>Reno v. Koray</u>, 515 U.S. 50, 60-61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

Although the phrase "term of imprisonment" is ambiguous as it is used in the statute, the overall directive of Congress is not easily disguised. <u>See id.</u> at 56. BOP's interpretation is not only reasonable, but is in fact the only logical one there is. The statute awards GCT based upon BOP's determination that "during that year" the prisoner complied with institutional disciplinary regulations. Such a directive requires that the prisoner has been incarcerated during that year so that

---

[6] The question of when GCT vests is particularly important to this federal scheme, because it is only once GCT vests that it cannot be taken away. <u>See</u> 18 U.S.C. § 3624(b).

-9-

his compliance may be measured. Therefore, granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible.

Moreover, in Pacheco, the court explained why the inmate's position, the same one Petitioner now asserts, was unreasonable:

> Instead of a prorated portion, Pacheco wants the entire fifty-four days of credit–even though he never served the full 365 days. Whereas the model prisoner will ordinarily receive his fifty-four-day credit after complying with prison disciplinary rules for 365 days, under Pacheco's reading, a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior over only eighty-five percent of the year. Pacheco's interpretation would therefore confer upon the prisoner a bonus during his last year of imprisonment. Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year. Id. at 1268-69.

BOP's determination reasonably interprets the Congressional mandate of § 3624(b). BOP's calculation affords inmates their full 54 days of GCT, credited at the end of every year, which results in no GCT credit for years of an inmate's sentence that are not served. Such an interpretation is reasonable, and perhaps inevitable, given the directive of § 3624(b) that GCT be credited "at the end of each year of the prisoner's term of imprisonment."

(3)   Rule of lenity does not apply

Finally, Petitioner contends that the rule of lenity dictates that any statutory ambiguity must be resolved in his favor. (Dkt. No. 1: Petitioner's Memo. of Law at 38). He claims that, because his reading of the statute is more favorable to those incarcerated, it should prevail.

"The rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than the legislature intended." Pacheco, 272 F.3d at 1271 (citing United States v. Bass, 404 U.S. 336, 347-48, 30 L.Ed.2d 488, 92 S.Ct. 515 (1971)). "The rule 'applies not only to interpretations of the

substantive ambit of criminal prohibitions, but also to the penalties they impose.'" Id. (quoting Bifulco v. United States, 447 U.S. 381, 387, 65 L.Ed.2d 205, 100 S.Ct. 2247 (1980).

As explained above, the phrase "term of imprisonment" is ambiguous in the statute at issue. While the phrase has become a legal term of art meaning "years of sentence", as used in other criminal statutes, this does not lend ambiguity to the entire statute. Rather, Congress' intent can be easily understood from the overall statutory scheme. See Reno v. Koray, 515 U.S. at 56 ("Viewing the phrase ["official detention"] in isolation, it may be said that either reading is plausible. But it is a fundamental principle of statutory construction (and, indeed, of the language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.") (internal citations and quotations omitted). Because inconsistencies would arise if "term of imprisonment" were read as "sentence", Congress could only have intended the phrase to be used to mean years that an inmate is actually imprisoned. Therefore, while there is ambiguity stemming from the meaning of one phrase in the statute, when viewed in its entirety, § 3624(b) is not ambiguous and the rule of lenity does not apply.

### III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Pascuiti's motion for a preliminary injunction is **DENIED**; and it is further

ORDERED that Pascuiti's petition pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED**; and it is further

ORDERED that the Clerk serve a copy of this Order on all parties.

IT IS SO ORDERED.

Dated:   June 2, 2004
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge